UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HUMBERTO GARCIA,<br><br>　　　　　　　Defendant. | Case No. CR20-197 RAJ<br><br>DETENTION ORDER |

<u>Offenses charged</u>:

　　Count 1:　　Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(a)(1) and § 846.

<u>Date of Detention Hearing</u>: On December 8, 2020, the Court held a hearing via a Zoom videoconference, with the consent of Defendant, due to the exigent circumstances as outlined in General Order 14-20. This detention order is without prejudice to renewing once the court has reconstituted in-person hearings.

　　The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the reasons for detention hereafter set forth, finds:

DETENTION ORDER - 1

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. There is therefore a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e).

2. Defendant poses a risk of nonappearance due to his history of failures to appear, a prior conviction for bail jumping, pending charges, noncompliance on supervision, history of substance abuse, and history of international travel. Defendant poses a risk of danger due to the nature of the charged offense, criminal activity while on supervision, pending charges, and history of substance abuse. Based on these findings, and for the reasons stated on the record, there does not appear to be any condition or combination of conditions that will reasonably assure the Defendant's appearance at future court hearings while addressing the danger to other persons or the community.

3. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

Dated this 10th day of December, 2020.

_____
MICHELLE L. PETERSON
United States Magistrate Judge