The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. 2:20-cr-00197-RAJ |
|---|---|
| Plaintiff | |
| v. | ORDER ON DEFENDANT'S MOTION FOR REVIEW AND REVOCATION OF DETENTION ORDER |
| HUMBERTO JOSE GARCIA, | |
| Defendant. | |

This matter comes before the Court on Defendant Humberto Jose Garcia's motion for the review, revocation and overturn of the decision denying the defendant's request for reconsideration of the Detention Order. Dkt. 134. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion for the reasons explained herein.

## I. BACKGROUND

The defendant was charged by Indictment with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. 841(a)(1)(1) and § 846. Dkt. 1. On December 10, 2020, a detention hearing was held before Magistrate Judge Michelle L. Peterson pursuant to 18 U.S.C. § 3142(f) and he was ordered detained for the reasons stated therein. Dkt. 63. The defendant moved the Court to reconsider that ruling. Dkts. 113 and 123. Magistrate Peterson again denied defendant's request. Dkt. 132. The defendant now asks this Court to review and revoke Judge Peterson's Order pursuant to 18 U.S.C. § 3145(b).

ORDER - 1

## II. DISCUSSION

### A. Legal Standard for Review

The standard of review of a Magistrate Judge's detention order is not articulated in 18 U.S.C. § 3145(b). Rather, as enunciated in *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990), this Court has jurisdiction to review de novo such orders.

In light of the important constitutional component of this motion, this Court undertakes its responsibilities and makes this independent determination of the merits of the defendant's petition. The Bail Reform Act of 1984 permits the pretrial detention of a defendant without bail where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or the community. In determining these considerations, the Court considers the factors outlined in 18 U.S.C. § 3142(g) which include the defendant's history and characteristics, his criminal history, the nature and circumstances of the charges, and the least important factor, the weight of the evidence. *United States v. Motamedi*, 767 F.2d 1403 (9th Cir. 1986).

The controlling standards this Court will apply are pursuant to the Bail Reform Act which provides that a court should detain a defendant pending trial if "no condition or combination of conditions…will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(f). The burden of showing that a defendant poses a danger to the community must be made by the government by clear and convincing evidence. And, the government bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gero,* 948 F.2d 1118, 1120 (9th Cir. 1991).

### B. Findings

The Court finds that the nature and circumstances of the offense charged warrant detention. The evidence before this Court indicates that the defendant was intercepted in a wiretap investigation working together with co-defendant Ibarra-Valle to distribute large quantities of methamphetamine, heroin, and suspected fentanyl pills. This evidence

suggests regular communication between these two defendants discussing acquisition and distribution of these drugs. The wiretap evidence indicates that the relationship between the two was close enough that Garcia was willing to access a firearm at the request of Ibarra-Valle, apparently with a view to violently settling a drug debt. The defendant's involvement in the dealing of a variety of dangerous drugs amplifies the risk of danger he presents if released.

The Court recognizes the weight of the evidence factor is the least significant factor to be considered under the Bail Reform Act. However, when considering the nature and circumstances of the charged offense, combined with the weight of the wiretap evidence proffered by the government, detention is warranted.

The Court next considers the defendant's criminal history. The defendant has seven felony convictions, many involving controlled substances, accompanied by several failures to appear for court and repeated probation violations. Despite terms of incarceration, the defendant has significant and continued history in the trafficking of illegal drugs, along with criminal activity while on supervision. His history also includes convictions for two counts of bail jumping. Based on this record, detention is warranted.

Having considered these factors, the Court turns to the existence of a rebuttable presumption that defendant should be detained pending trial. He has been charged by indictment which is sufficient to support a finding of probable cause, triggering the rebuttable presumption. *United States v. Stricklin,* 932 F.2d 1353 (10th Cir. 1991). Here, the Controlled Substances Act charge against the defendant qualifies under the Bail Reform Act for application of the presumption, *i.e.*, an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. § 801).

The defendant has countered the government's proffer with his statements, declarations from an associate dean and his girlfriend with affirmations regarding the changes he has made since his prior warrants and convictions.

1    The Court finds this evidence of significance, but it does not outweigh the breadth
2    of his criminal history with prior convictions for controlled substances offenses with
3    convictions in March, April, and June of 2018 that resulted in sentences of 12, 20 and 34
4    months, respectively.  The record suggests these offenses included commission of
5    dangerous crimes while he was under the supervision of the court.  This history includes
6    convictions of two counts of bail jumping in March 2018, and 29 separate failures to
7    appear, including 18 since mid-2016.
8        The defendant's letters of support reference his recent behavior and recharacterize
9    him as a changed person.  These letters do not demonstrate knowledge of the defendant
10   for any significant period of time.  Based upon his proffered evidence, the Court
11   concludes without hesitation that the defendant's history is substantially more
12   compelling.  His record clearly indicates that when given the chance repeatedly, he
13   continues to be involved in criminal activity and does not appear to have demonstrated
14   the ability to follow the directives of the Court if released.  Moreover, the letter from the
15   North Seattle Community College and the letter from the defendant's girlfriend are
16   contradicted by the intercepted calls of the wiretap, where the defendant is allegedly
17   actively engaged in drug trafficking just weeks and months before his arrest
18       After considering the totality of the circumstances and record, the Court finds
19   there is no persuasive evidence to rebut the presumption that no condition or combination
20   of conditions will reasonably assure the appearance of the defendant or mitigate the
21   danger he presents if released.
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

## III. CONCLUSION

For the foregoing reasons the defendant's motion to reconsider his detention order is **DENIED** and the prior Order of Detention remains in full force and effect.

DATED this 23rd day of June 2021.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 5