The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff<br><br>    v.<br><br>HUMBERTO JOSE GARCIA,<br><br>                Defendant. | NO.  2:20-cr-00197-RAJ<br><br>ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE 404(b) EVIDENCE |

## I. INTRODUCTION

THIS MATTER has come before the Court upon Defendant Humberto Jose Garcia's Motion *in Limine* to exclude FRE 404(b) Evidence.  Dkt. 427.  Having considered the motion, the government's response (Dkt. 435), and the files and pleadings herein, the Court finds oral argument unnecessary.  For the reasons below, the Court **DENIES** the motion.

## II. DISCUSSION

The defendant asked the government to disclose "all evidence of crimes, wrongs or other acts that the prosecution intends to offer at trial."  Dkt. 427, at 2.  In response to government disclosures, the defendant identified two incidents he contends fit within the category of being FRE 404(b) evidence:  an intercepted call where the defendant and co-defendant Ibarra-Valle discuss the overdose death of someone they knew, and another intercepted call where Garcia agreed to provide Ibarra-Valle with a firearm.

The defendant objects to the admissibility of this evidence contending any claimed discussions about an overdose death give rise to no "chain of inferences" pointing toward his guilt of the charge of conspiring to distribute drugs. Likewise, any assertions that Garcia talked with his co-defendant about a gun provides no evidence of knowledge, intent, motive, or identity concerning the conspiracy. Dkt. 427. The thrust of Garcia's claim is that this type of evidence could lure a jury into a sequence of bad character reasoning. Dkt. 427, at 5.

The government contends the two conversations are admissible as direct evidence of the defendant's guilt and do not constitute "other acts" evidence excludable under FRE 404(b).

The government is correct that it is well established that FRE 404(b) does not apply to acts that are "inextricably intertwined or intrinsic with the charged offense. *See, e.g., United States v. Soloman,* 813 F.2d 277, 279 (9th Cir. 1987).

The two challenged calls are direct and probative evidence of the existence and scope of the drug conspiracy and Garcia's membership in the conspiracy. These discussions clearly meet the standard of being inextricably intertwined or intrinsic with the charged offense. The first call about the drug overdose is clear evidence of the existence and scope of the conspiracy as the two are discussing their concerns about their desire to avoid detection by law enforcement, and it also clearly demonstrates their knowledge that their conduct was illegal. There is also reference by Garcia to the possible cause of death, i.e., "those pills" an obvious reference to fentanyl pills, the type the defendants are accused of dealing.

In addition, the subsequent conversation where Ibarra-Valle asks Garcia's help in tracking down "Romero" clearly pertains to the contention that Romero owes Ibarra-Valle money from a prior drug deal for which he was not paid.

The second call is a continuum of the above noted call. This call involves a conversation with Ibarra-Valle seeking Garcia's assistance in tracking down "Romero" in order to collect on money owed for a prior drug transaction. The government has

provided clear and undisputed wire evidence of this call as embodied in the attachment to the government's opposition. In that call Ibarra-Valle asks Garcia to get him "a piece." The conversation degrades to a discussion where Ibarra-Valle rejects the notion of inflicting an injury to Romero's leg, or the alternative of a bat as a weapon, and rests with the conclusion that "He won't go to the hereafter with that." Dkt. 435-2, at 8-9. The wire clearly indicates that Garcia agreed to not only find Romero, but also secure the weapon as requested by Ibarra-Valle.

Both of these wire communications are relevant as they reference the intricacies of the existence, scope and depth of the drug conspiracy, and specifically the association of Garcia to this drug operation.

FRE 401 provides:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

As indicated, the proffered evidence of the government easily meets this standard for admissibility. The Court next turns to the question of whether FRE 403 limitations on admitting prejudicial evidence exist.

The government accurately describes FRE 401 and how "unfair prejudice" is commonly defined in the Ninth Circuit. Dkt. 435, at 10. The Court agrees with the analysis and conclusion of the government on the admissibility of the challenged evidence.

Evidence of the discussion between the two defendants about a drug overdose resulting in death is certainly prejudicial in light of the rampant attention to fentanyl overdoses nationwide. Similarly, evidence where Garcia agreed to locate and get a weapon for Ibarra-Valle to kill Romero is also prejudicial, particularly when combined with the aforementioned conversation. However, Ninth Circuit law indicates that the admission of such evidence does not rise to the level of being *unfairly* prejudicial. *See,*

*United States v. Ray,* 731 F.2d 1361, 1367-68 and *United States v. Savinovich,* 845 F.2d 834, 837 (9th Cir. 1988).  These conversations detail the unique and close-knit relationship the two defendants maintained in their drug operation.  There is no reason to exclude either of these conversations from the evidence to be presented at trial.

The government has indicated it is not aware of any other evidence it plans to introduce that qualifies as Rule 404(b) evidence.  The Court will hold the government to its word.  If it believes there is any other evidence that may fall into this category of evidence, it must immediately advise the defense and this Court and make no attempt to offer such evidence absent prior approval of this Court.

### III. CONCLUSION

For these reasons, the defendant's Motion *in Limine* to exclude FRE 404(b) evidence is **DENIED**.

DATED this 21st day of December, 2023.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 4