The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff<br><br>　　　v.<br><br>HUMBERTO JOSE GARCIA,<br><br>　　　　　　　Defendant. | NO.  2:20-cr-00197-RAJ<br><br>ORDER ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING FENTANYL DANGERS AND DEATH |

**I. INTRODUCTION**

THIS MATTER has come before the Court upon Defendant Humberto Garcia's Motion *in Limine* to Exclude Evidence re Fentanyl Dangers and Deaths.  Dkt. 429.  Having considered the motion, the government's response (Dkt. 436), the defendant's reply (Dkt. 438), and the files and pleadings herein, the Court finds oral argument unnecessary.  For the reasons below, the Court **DENIES** motion.

**II.　　　DISCUSSION**

During the course of an investigation defendant Garcia and another alleged conspirator were intercepted discussing the fentanyl overdose of a customer or associate during the wiretap.  Specifically, their comments reflected their concern that the overdose would attract law enforcement attention to their activities.  The government contends these statements are direct evidence of the existence and scope of the charged conspiracy and Garcia's membership in that conspiracy.  Dkt. 436, at 1.

ORDER - 1

The government has indicated that it intends to elicit testimony from its disclosed expert about the dangers of fentanyl, all of which is purportedly relevant to the government's burden to establish that Garcia was involved in a conspiracy to distribute fentanyl. Dkt. 436, at 2. The government has detailed the scope and extent of their expert's proposed testimony.

The defendant seeks to exclude any evidence of the dangers of fentanyl. He contends such evidence is irrelevant and suggests the Court must conduct an appropriate balancing under FRE 403 to justify admission. Dkt. 438, at 2 and 6.

To begin, the defendant's contention that the government has failed to timely disclose its drug trafficking expert is inaccurate. The record clearly indicates, without rebuttal, that the government timely disclosed this expert and outlined what he would say about fentanyl. Dkt. 436, at 2.

Generally speaking, expert testimony on the dangers of fentanyl might not otherwise be admissible. However, the alleged facts of this case place the dangers of fentanyl into the highly relevant category of evidence. As noted above, Garcia and another co-conspirator were intercepted discussing the fentanyl overdose death of a customer or associate during the wiretap. These discussions included them expressing their concern that the overdose would attract law enforcement attention to their activities. It is clear this is direct evidence of the existence and scope of the charged conspiracy and defendant Garcia's membership in that conspiracy. Consequently, the circumstances of the discussion on the wiretap change the landscape of admissibility and relevance.

The government's expert's testimony as proffered includes, among other claims, fentanyl's unique danger and how it had an impact upon how the investigation was conducted. Likewise, the government acknowledges that the two noted defendants never use the term "fentanyl," but make other vague references to how it is ingested. The Court agrees that the proffered expert testimony will assist the jury in putting context around their conversations.

These factors clearly demonstrate the relevance of the expert's testimony. While the admission of this evidence may cause some degree of prejudice, the test of FRE 403 is whether the probative value of the evidence is substantially outweighed by a danger of unfair prejudice. The Court concludes it does not. The probative value of determining the existence of a conspiracy and to put context around the defendant's discussions about the drug warrant the admissibility of the evidence, not exclusion. The Court will hold the government to its word and will not permit the expert to offer testimony on statistics, the number of overdose deaths, their rate of increase, or how these numbers are attributable to fentanyl or other drugs.

### III. CONCLUSION

For these reasons, the defendant's Motion *in Limine* to Exclude Evidence Regarding Fentanyl Dangers and Deaths is **DENIED.**

DATED this 21st day of December, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3