The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. 2:20-cr-00197-RAJ |
|---|---|
| Plaintiff | |
| v. | ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PRIOR CONVICTION EVIDENCE |
| HUMBERTO JOSE GARCIA, | |
| Defendant. | |

## I. INTRODUCTION

THIS MATTER has come before the Court upon Defendant Humberto Jose Garcia's Motion *in Limine* to Exclude Evidence of Prior Convictions and Imprisonment. Dkt. 430. Having considered the motion, the government's response (Dkt. 437), the defendant's reply (Dkt. 438), and the files and pleadings herein, the Court finds oral argument unnecessary. For the reasons below, the Court **DENIES** the motion.

## II. DISCUSSION

The defendant is charged with Conspiracy to Distribute Controlled Substances. Dkt. 1. The defendant seeks to preclude the government from offering any evidence of his prior convictions. He has previously been convicted of two counts of possessing a controlled substance without a valid prescription, one count of Violation of the Uniform Controlled Substances Act (Sch I/II), theft of a motor vehicle, possessing a stolen vehicle, and bail jumping. Dkt. 430, at 2. The government has conceded that it does not intend to introduce evidence of the defendant's prior convictions as part of its case in chief, either

as direct evidence or as evidence under Federal Rule of Evidence 404(b).  At best, the government seeks to reserve the right to impeach the defendant's credibility with his prior convictions on cross-examination.  Dkt. 437.  The Court will hold the government to its word and will not allow any evidence of prior convictions during the government's case in chief.  In addition, if the defendant does testify, the government is free to impeach his credibility with his prior convictions on cross-examination.  If such evidence is offered, the government shall present a limiting jury instruction advising the jury that they may consider such evidence only as it may affect the defendant's believability as a witness and not as evidence of guilt of the crime for which the defendant is on trial.  9th Cir. Model Jury Inst. 4.6.

      Moreover, the government is permitted to introduce the defendant's prior convictions on cross-examination should he elect to testify, pursuant to FRE 609(a)(1).  The defendant's credibility will be a critical issue should he elect to testify.  His prior convictions for drug offenses are probative of his knowledge, intent, and absence of mistake or accident as permitted by the noted Rule.  Likewise, his convictions for theft of a motor vehicle and possessing a stolen vehicle are also admissible as crimes of dishonesty.  Because a determination as to the defendant's credibility should he testify is critical, these prior convictions are clearly more probative than prejudicial and their admission will not run afoul of the restrictions of FRE 403.

      Likewise, the Court finds the offenses are not too remote in time as evidenced by the 10-year limitation of admissibility of FRE 609.

      Last, the Court reserves ruling on the defendant's prior imprisonment and reserves ruling on the noted portions of the video until if and when it becomes relevant.  The government is, however, restricted from offering any evidence on imprisonment until after the Court has made its ruling on this issue.

      The Court will not allow impeachment on the bail jumping conviction.

///

///

### III. CONCLUSION

For these reasons, the defendant's Motion *in Limine* to Exclude Evidence of Prior Convictions and Imprisonment is **DENIED** except for the noted issue for which the Court reserves ruling until the appropriate time.

DATED this 21st day of December, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER - 3